UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL SHEA,<br>Booking No. 22740067,<br><br>                              Plaintiff,<br><br>v.<br><br>LACADARIOOS, et al.,<br><br>                              Defendants. | Case No.: 23-CV-596 JLS (MSB)<br><br>**ORDER (1) DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915A(b); AND (2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT** |

John Michael Shea ("Plaintiff"), currently detained at the George Bailey Detention Facility ("GBDF") in San Diego, California, proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Compl.," ECF No. 1.). Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) ("IFP Mot.," ECF No. 2.).

**I.    Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the

terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. 28 U.S.C. § 1915A(a), (c). The Court is required to dismiss those complaints, or any portion of them, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted" or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)–(2); *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000).

The standard for determining whether a prisoner has failed to state a claim upon which relief can be granted under § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quotation marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

/ / /

Plaintiff's Complaint fails to plausibly allege the deprivation of, or even identify, a right secured by the Constitution or laws of the United States. Specifically, Plaintiff has not set forth any coherent factual allegation against any named Defendant. Moreover, the Complaint presents no *factual* allegations which plausibly allege that the Defendants were acting under color of state law. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a § 1983 claim).

In addition, "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether a complaint is frivolous, courts need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations" to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 327–28).

There are no discernible allegations in the Complaint and the Court finds that the Complaint as a whole rises to the "level of the irrational or the wholly incredible," *Denton,* 504 U.S. at 33. As such, Plaintiff's Complaint requires dismissal without leave to amend as frivolous. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend.").

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## II. Conclusion and Order

Good cause appearing, the Court **DISMISSES** Plaintiff's Complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A without leave to amend, **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as moot; and **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore could not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: April 12, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge